IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DeAngelo Marquese Martin, )
    Petitioner, )
     )
v. ) 1:09cv36 (LMB/TRJ)
     )
Warden L. Kelly, )
    Respondent. )

FILED
SEP - 8 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

DeAngelo Marquese Martin, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of second degree murder and other offenses entered on a jury verdict in the Circuit Court of the City of Portsmouth, Virginia. On June 5, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Martin was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted not to file a response. For the reasons that follow, Martin's claims must be dismissed.

### I. Background

On December 20, 2004, a jury in the City of Portsmouth, Virginia, found Martin guilty of second-degree murder, robbery, and use of a firearm in the commission of a robbery. Commonwealth v. Martin, Case No. CR04-278-01, CR04-278-05, CR04-278-06. The opinion of the Virginia Court of Appeals issued on petitioner's direct appeal reflects the following underlying facts:

> On December 26, 2003, in Portsmouth, Virginia, Christopher Jackson ('Jackson') was robbed and shot while Ricky Wright ('Wright') was shot and killed. Portsmouth police recovered three shell casings at the crime scene and subsequently conducted ballistic testing on them.
>
> On December 30, 2003, Portsmouth Police Detective David Lodge ('Lodge') and members of the Police Department's SWAT team

executed a search warrant at appellant's home. Lodge recovered two firearms, a 38-caliber revolver and a 9-millimeter semiautomatic handgun, that were hidden behind a drawer in a chest located in appellant's bedroom.

On December 31, 2003, appellant asked to speak with Lodge. In his recorded statement, appellant denied that the recovered 9-millimeter belonged to him, and stated that he knew nothing about the 9-millimeter until he got home and found it in his car. Appellant admitted to having a gun at the scene of the December 26 shooting, to pointing a gun at Wright, and to hiding two guns in his home after the shooting took place. Significantly, he maintained that the gun he possessed was the 38-caliber revolver and that one Jermaine Taylor ('Taylor') had used the 9-millimeter in shooting Wright. Appellant denied firing the shots that killed Wright.

During his investigation of the December 26 shooting, Lodge became aware of another shooting that occurred in the City of Chesapeake on December 9, 2003. Three witnesses to the December 9 shooting identified appellant as the person who shot at them. Two 9-millimeter shells were recovered at the scene of that shooting and were submitted for ballistic testing.

Uncontested ballistic evidence established that the shells recovered in Portsmouth on December 26 and Chesapeake on December 9 were fired from the same 9-millimeter semiautomatic handgun found hidden in appellant's home on December 30.

Appellant was charged with the first-degree murder of Wright, the malicious wounding of Jackson, the robbery of Jackson, and three counts of using a firearm in commission of these felonies. Pursuant to a motion *in limine* by the Commonwealth, the court considered the testimony of three December 9 shooting witnesses outside the jury's presence before permitting the Commonwealth to put on this evidence of other crimes. The judge then narrowed the scope of this testimony by offering limiting instructions to the jury to 'consider that evidence only in connection with the offense for which [appellant] is on trial and for no other purpose.' The court also warned, 'Evidence that the defendant may have possessed a weapon at an earlier date is not proof that he possessed a weapon on December 26, 2003.'

Appellant was found guilty of second-degree murder, robbery, and the use of a firearm in the commission of a robbery. ...

2

Martin v. Commonwealth, R. No. 0024-05-1 (Va. Ct. App. Dec. 12, 2006). Resp. Att. 11. On December 20, 2004, Martin was sentenced to serve a total of 38 years in prison. Id.

Martin filed a direct appeal of his conviction, arguing that the admission of evidence of other crimes was improper, and that the court erroneously determined that the probative value of such evidence exceeded its prejudicial effect. The Court of Appeals upheld Martin's conviction in an unpublished opinion on December 12, 2006. Martin v. Commonwealth, supra. On June 28, 2007, the Supreme Court of Virginia refused Martin's petition for further appeal. Martin v. Commonwealth, R. No. 070065 (Va. June 28, 2007). Resp. Att. 7.

Martin then pursued a habeas corpus application in the Supreme Court of Virginia, claiming that he was denied his Sixth Amendment right to the effective assistance of counsel and his Fifth Amendment right to be tried only on charges presented in his capital murder indictment because trial counsel conceded to the court's constructive amendment of the indictment by instructing the jury that Martin could be found guilty of first degree murder as a principal in the second degree. Resp. Att. 3 at p. 2. Relief was denied and Martin's petition was dismissed on December 4, 2008. Martin v. Dir., Dep't of Corr., R. No. 081299 (Va. Dec. 4, 2008). Resp. Att. 2.

On or about January 12, 2009, Martin filed the instant federal habeas petition,[1] raising the same compound claim he made in his state habeas corpus application. On June 5, 2009, respondent filed a Rule 5 Answer and a Motion to Dismiss, along with the notice required by Roseboro, 528 F.2d at 309. Martin has not filed a reply. Based on the pleadings and record before this Court, it is uncontested that Martin exhausted his present claim in the state forum, as required under 28 U.S.C.

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Martin failed to indicate the date on which he placed his petition in the prison mail system, Pet. at 15, but the petition was date-stamped as received by the Clerk on January 12, 2009. Pet. at 1.

3

§ 2254.[2] Accordingly, this matter is now ripe for review.

## II. Procedural Bar

In one part of his petition, Martin argues that he was denied his Fifth Amendment right to be tried only on the charges presented in his capital murder indictment when the indictment was constructively amended. The Virginia Supreme Court dismissed this claim as raising a "non-jurisdictional issue [which] could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975)." Martin v. Dir., supra at 3. This finding renders Martin's claim procedurally barred from review on the merits.

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst, 501 U.S. at 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton

---

[2]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

4

constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Although petitioner has not responded to the motion to dismiss, in an earlier pleading he argued that his procedural default should be excused because counsel provided ineffective assistance by failing to raise this issue at trial and on direct appeal. (Docket #4). Petitioner's contention that counsel was ineffective in failing to object to the striking of the capital murder charge and to the jury instructions, which is analyzed below, is without merit. Petitioner has failed to demonstrate cause for excusing his procedural default of the portion of his claim in this petition where he alleges violation of his Fifth Amendment rights, and that claim will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each

5

standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In the cognizable portion of his federal claim, Martin argues that he received ineffective assistance of trial counsel when his lawyer conceded to the constructive amendment of the capital murder indictment. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing

[counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Martin raised the same challenge to the effectiveness of his representation that he makes here in his state application for habeas corpus relief, the Supreme Court of Virginia found the claim to be without merit, as follows:

> In a portion of claim (1), petitioner alleges he was denied the effective assistance of counsel because counsel conceded to the trial court's constructive amendment of his capital murder indictment. Petitioner contends his indictment for capital murder was constructively amended where the trial court struck that charge and instructed the jury on first and second-degree murder, and on principal in the second degree. Petitioner contends that counsel's failure to object allowed the jury to convict Petitioner on a charge for which he had not been indicted or tried. ...

7

> The Court holds that this portion of claim (1) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The record, including the indictments and the trial transcript, demonstrates that Petitioner was charged with the capital murder of Ricky Wright, who was shot and killed during a robbery petitioner committed with Jermaine Taylor. Petitioner and Taylor each claimed the other had shot Wright. At the conclusion of the evidence, the court struck the capital murder charge, and instructed the jury on both first-degree and second-degree murder, both of which are lesser-included offenses of capital murder. An accused may be convicted of a lesser-included offense of the crime charged. <u>Commonwealth v. Dalton</u>, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000). Furthermore, the failure to instruct a jury on a lesser-included offense is reversible error if there is evidence in the record to support the charge. <u>McClung v. Commonwealth</u>, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975). Thus, Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Martin v. Dir.</u>, <u>supra</u> at 1 - 2

As the state court recognized, it is well established that a defendant may be convicted of a crime with which he was not charged if the crime is a lesser-included offense of a charged crime. <u>Hopper v. Evans</u>, 456 U.S. 605, 611 (1982); <u>Beck v. Alabama</u>, 447 U.S. 625, 629-30 (1980). In Virginia, both first- and second-degree murder are lesser included offenses of capital murder. <u>Orbe v. Commonwealth</u>, 519 S.E.2d 808, 812 (1999). In addition, Virginia Code § 18.2 - 18 provides that in the case of any felony, "every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished as if a principal in the first degree...." Here, then, had petitioner's counsel objected to the court's decision to strike the capital murder charge and to instruct the jury on first- and second-degree murder, his objection rightfully would have been overruled pursuant to these authorities. Therefore, the state court's decision to deny relief on Martin's ineffective assistance of counsel claim was factually reasonable and was neither contrary to nor an unreasonable application of controlling federal law, <u>Strickland</u>, 466 U.S. at 694.

V.

For the foregoing reasons, this petition for a writ of habeas corpus will be dismissed. An appropriate Order shall issue.

Entered this 8th day of September 2009.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge